UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| FRANCISCO SOTELO, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:04-CV-329 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **M E M O R A N D U M**

This matter comes before the Court on the motion of *pro se* petitioner Francisco Sotelo ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1, "Petition"). Petitioner filed a memorandum in support of his Petition (Court File No. 2). Pursuant to the Court's Order (Court File No. 3), the United States filed a response to Petitioner's motion (Court File No. 4, "Government's Response"). Petitioner filed a reply to the Government's Response (Court File No. 7). The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in his Petition. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's §2255

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioners § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:02-CR-98, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

motion for the reasons stated herein.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

After pleading guilty to all counts of the indictment without a plea agreement, Petitioner was convicted of conspiracy to distribute 500 grams or more of methamphetamine (Count One), distribution of 50 grams or more of methamphetamine (Count Two), and possession with intent to distribute methamphetamine (Count Three) (Crim. Court File Nos. 15, 48 ).

On September 19, 2002, Petitioner pleaded guilty to Counts One, Two and Three. On the same day, the United States filed a factual basis in support of the guilty plea (Crim. Court File No. 27). The factual basis filed in support of Petitioner's plea of guilty states the facts as follows:

> In June, 2002, TBI Agent Bryan Freeman, using a Confidential Informant, arranged for the purchase of methamphetamine from the defendant, Francisco Sotelo. Mr. Sotelo agreed to transport the methamphetamine from North Georgia to Bradley County, Tennessee.
>
> On June 25, 2002, Sotelo and his wife, Vanessia Hope Sotelo, drove to the Cleveland, Tennessee, area for the purpose of delivering methamphetamine to the CI. Vanessia Sotelo was the driver of the vehicle, the defendant the passenger. The defendant entered a residence in Cleveland, Tennessee, where he delivered approximately one pound of methamphetamine. Agents then arrested the defendant. At the time of the arrest defendant had approximately one ounce of methamphetamine on his person, as well as marked buy money.
>
> If this case had gone to trial the United States would have offered proof that the defendant had previously distributed quantities of methamphetamine to the confidential informant which were then distributed in the Eastern District of Tennessee. The amount of methamphetamine distributed by the defendant during the conspiracy would exceed 500 grams. Furthermore, the United States would have offered proof that the one ounce possessed by Mr. Sotelo when arrested was a distribution amount.

(Crim. Court File No. 27). At the rearraignment proceeding, Petitioner agreed the facts of the case were true except to the extent they raised any inference Vanessia Sotelo was involved in the drug trafficking activity (Crim. Court File No. 30, Rearraignment Transcript at 11-12).

2

In addition, the facts set forth in the Presentence Investigation Report ("PSR") stated, as part of the conspiracy charged in Count One, Petitioner distributed pound quantities of methamphetamine on a weekly and monthly basis for approximately 18 months (PSR at ¶ 10). For a period of three months, Petitioner consistently supplied one particular individual with 12 pounds of methamphetamine per month at a price of $5,000 per pound (*Id.*). Relying only on this three-month drug-trafficking conduct, the probation officer attributed 36 pounds, which was equivalent to 16 kilograms, of methamphetamine to Petitioner, resulting in a base offense level of 38 (*Id.* at ¶ 11). Subtracting three levels for acceptance of responsibility, Petitioner's total offense level was 35 (*Id.* at ¶ 26).

Petitioner had two prior felony drug convictions for which the government filed a notice of intent to enhance his sentence (PSR at ¶ 23; Crim. Court File No. 20). These prior convictions formed the basis for the determination that Petitioner is a career offender, resulting in a criminal history category of VI (PSR at ¶ 34).

Based on a total offense level of 35 and a criminal history category of VI, Petitioner's Guideline range was 292 to 365 months imprisonment (PSR at ¶ 55). However, due to Petitioner's two prior felony drug convictions, he was subject to a statutory mandatory term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) (*Id.* at ¶ 51).

Prior to sentencing, the Government filed under seal a motion for downward departure based on Petitioner's substantial assistance. The motion was granted at the first portion of the sentencing hearing, in August 2003, after which the sentencing hearing was continued for several weeks at Petitioner's request (Crim. Court File No. 43, Courtroom Minutes). The Court sentenced Petitioner below the maximum applicable Guideline range to concurrent terms of imprisonment of 235 months

(Crim. Court File No. 48, Judgment).

Petitioner did not appeal his judgment to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), therefore the judgment was final on November 3, 2003, after expiration of the ten-day period within which he could have filed a notice of appeal. *See Nichols v. United States*, 285 F.3d 445, 447 (6th Cir.) (judgment is final ten days after entry where no direct appeal filed), cert. denied, 537 U.S. 1023 (2002). Petitioner's § 2255 motion was timely filed on October 15, 2003.

In the pending § 2255 motion, Petitioner asserts (1) the indictment was multiplicitous, (2) his counsel was ineffective for failing to file a notice of appeal, (3) the Court erred in determining the drug quantity attributable to him in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and (4) the sentence imposed was unconstitutional and should be remanded under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), without allegedly unconstitutional enhancements for relevant conduct (Court File Nos. 1, 2). In Petitioner's reply to the Government's response, Petitioner further claims the grounds above are each grounds for ineffective assistance of counsel. For the reasons stated below, these claims provide no basis to grant his Petition.

**II.    STANDARD OF REVIEW**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

4

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Some of Petitioner's claims rest on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

5

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. The *Strickland* Court

6

emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697, 104 S. Ct. at 2069.

### III.  DISCUSSION

Petitioner asserts four grounds upon which he argues the Court should vacate, set aside, or correct his sentence. First, Petitioner claims the three-count Indictment was multiplicitous. Second, Petitioner asserts the Court erred by considering relevant conduct in calculating the drug quantity attributable to him and therefore, the sentence imposed is in violation of *Apprendi*. Third, in conjunction with his *Apprendi* claim, Petitioner alleges his sentence was unconstitutionally enhanced under the intervening decision in *Blakely*. Finally, Petitioner argues his counsel's failure to appeal his sentence was constitutionally ineffective.

With the exception of a claim of ineffective assistance of counsel, a petitioner procedurally defaults a claim by failing to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). Petitioner did not directly appeal his sentence. A procedurally defaulted claim may only be raised in a § 2255 motion if the petitioner can first demonstrate either (1) "cause" to excuse his failure to raise the claim previously and actual

7

"prejudice" resulting from the alleged violation, or (2) "actual innocence." *Id.* at 622, 118 S. Ct. at 1611; *Peveler v. United States*, 269 F.3d 693, 698-700 (6th Cir. 2001). Petitioner has not attempted to demonstrate "cause" or "actual innocence."[2]

Nevertheless, the Court will proceed to address the merits of Petitioner's claim because Petitioner would not be entitled to relief on his claims even if they had not been procedurally defaulted.

### A. Multiplicitous Indictment

Petitioner first claims the three-count Indictment was multiplicitous (Court File No. 2 at 2-3). The Government's Response points out the claim is procedurally defaulted and Petitioner waived the right to make this argument by pleading guilty (Court File No. 4 at 4). *See Tollett v. Henderson*, 411 U.S. 258 (1973) (by pleading guilty, a criminal defendant waives all such non-jurisdictional challenges to the indictment). In his reply, Petitioner claims his counsel was ineffective for failing to argue this claim (Court File No. 7).

Regardless of procedural default or waiver, Petitioner's claim is without merit. It is settled law that a conspiracy count and a substantive count are not multiplicitous because the United States must prove an agreement in connection with the conspiracy offense, an additional element not required in the substantive count. *United States v. Kelly*, 204 F.3d 652, 656 (6th Cir.), cert. denied, 530 U.S. 1268 (2000). "A defendant may be charged with multiple offenses based on the same underlying conduct as long as each requires proof of an element not required by the other." *Id.* (citing *Blockberger v. United States*, 284 U.S. 299, 304 (1932)).

---

[2] In his reply to the Government's response, Petitioner attempts to re-categorize all claims as ineffective assistance of counsel claims.

8

Further, the methamphetamine charge in Count Three was based upon the methamphetamine found on Petitioner's person (in Petitioner's possession) at the time of his arrest and was not part of the methamphetamine Petitioner distributed, which formed the basis for Count Two (See PSR at ¶¶ 7-8). The indictment properly charged Petitioner with three separate offenses. Petitioner's claim provides no basis for relief, Petitioner's counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission. Thus, the Court will **DENY** Petitioner's claim for relief on this ground.

      **B.**    *Apprendi* **Violation**

Petitioner next claims the Court erred by considering relevant conduct in calculating the drug quantity attributable to him and therefore the sentence imposed was in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (Court File No. 2 at 5-6). Petitioner states since he pleaded guilty only to "500 grams or more," the base offense level should have been 32 rather than the level 38, which was based upon 16 kilograms of a mixture or substance containing methamphetamine[3] (*Id.*).

As noted, Petitioner was not prejudiced by the inclusion of relevant conduct in the determination of his base offense level because he was subject to a statutory mandatory life term and his sentence resulted from a departure for substantial assistance. In addition, there was no *Apprendi* error. In *Apprendi*, the Supreme Court held "other than the fact of a prior conviction, any fact which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted

---

[3]Petitioner also claims the PSR does not explain how the quantity of 16 kilograms was reached. However, as discussed above, the PSR states during the life of the conspiracy, Petitioner regularly distributed pound quantities of methamphetamine (PSR at ¶10). In addition, during one three-month period, Petitioner distributed 12 pounds per month to one individual. Using only the 12 pounds per month for three months, the probation officer found Petitioner responsible for 36 pounds, which was equivalent to 16 kilograms (*Id.*).

to the jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Count One charged and Petitioner pleaded guilty to conspiring to distribute 500 or more grams of methamphetamine, a threshold quantity sufficient to warrant a sentence pursuant to § 841(b)(1)(A). Under that provision, even apart from Petitioner's two prior drug convictions, the statutory maximum sentence is life imprisonment (*See* PSR at ¶ 51). Petitioner was not sentenced in excess of a life sentence, thus there was no *Apprendi* error. *See United States v. Hough*, 276 F.3d 884, 890 (6th Cir.) (sentences affirmed where jury found statutory threshold amounts to support sentences under enhanced penalty provision of the statutes), cert. denied, 535 U.S. 1089 (2002). Petitioner's claim provides no basis for relief, Petitioner's counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission. Thus, the Court will **DENY** Petitioner's claim for relief on this ground.

### C. Unconstitutional Sentence Under *Blakely*

In conjunction with his *Apprendi* claim, Petitioner claims his sentence was unconstitutionally enhanced under the intervening decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). As the Government's Response points out, this claim lacks merit for several reasons. To the extent Petitioner's *Blakely* claim may now be considered a claim based upon *United States v. Booker*, 125 S. Ct. 738 (2005), *Booker* announced a new rule of criminal procedure that does not apply retroactively on collateral review. *See Humphress v. United States*, 398 F.3d 885, 860-63 (6th Cir. 2005) (*Blakely* claim now governed by *Booker*, which does not apply retroactively on collateral review).

Additionally, there was no *Booker* error. The Court granted the United States' motion for a downward departure based upon Petitioner's substantial assistance and sentenced him below the

10

statutory mandatory life sentence through the exercise of the Court's sentencing discretion. The mandatory nature of the sentencing Guidelines did not play a role in the Court's selection of the sentence imposed.

Finally, even if *Booker* applied to Petitioner's case, he would not be entitled to resentencing. *See United States v. Jones*, 417 F.3d 547, 551 (6th Cir. 2005) (where district court granted motion for downward departure based upon substantial assistance, no *Blakely* or *Booker* error occurred, nor would court of appeals review exercise of district court's discretionary sentencing decision). Petitioner's claim provides no basis for relief, Petitioner's counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission. Thus, the Court will **DENY** Petitioner's claim for relief on this ground.

### D. Ineffective Assistance of Counsel

Petitioner first claims he asked "counsel to appeal due to the facts stated in this case" (Court File No. 2 at 3). Petitioner alleges counsel "provided faulty legal advice" as to the drug amount used to determine his offense level. He asserts he objected to any drug amount in excess of the amount actually distributed on June 25, 2002, and counsel responded any objection was immaterial because Petitioner was facing a mandatory life sentence as a career offender (*Id.* at 4). Petitioner admits "the district court informed defendant of the right to appeal when counsel was present, but counsel stated to defendant there was no need to [file an appeal]" (*Id.*).

Failure to file an appeal in derogation of a defendant's express request is a *per se* violation of the Sixth Amendment. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035, 145 L. Ed. 2d 985 (2000). To show counsel performed deficiently in failing to file a notice of appeal, petitioner must demonstrate either "(1) that the attorney disregarded [petitioner's] instructions to file

11

a notice of appeal, or (2) that the attorney failed to consult with [petitioner] about an appeal when he knew or should have known that [petitioner] might want to appeal." *Higbee v. United States*, 2001 WL 1176392, at *1 (6th Cir. Sept. 26, 2001) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)).

As the Sixth Circuit noted, "If counsel has consulted with the defendant, counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* (citing *Flores-Ortega*, 528 U.S. at 478-79). Here, based on Petitioner's own allegations, counsel consulted with him regarding the unlikely success of an appeal. Petitioner does not allege he ordered counsel to file an appeal after they discussed whether or not to file an appeal. Failure to file an appeal in such a circumstance does not constitute ineffective assistance of counsel. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request").

In *Higbee*, the Sixth Circuit noted where a petitioner and his counsel consulted about filing a direct appeal, the petitioner knew after the meeting "that counsel was not going to proceed with the appeal and that he, should he wish to pursue the matter, would be proceeding pro se." *Higbee v. United States*, 2001 WL 1176392 at *1. Since Petitioner's counsel advised him there was no basis for filing an appeal, Petitioner had no reason to rely on counsel to file an appeal. He does not allege he expressly instructed counsel to file an appeal after "counsel stated to defendant there was no need to [file an appeal]." A petitioner cannot complain a notice of appeal was not filed after failing to request one; there is no basis for arguing counsel was ineffective in failing to do something Petitioner knew counsel would not be doing. *Id.* In the present case, Petitioner was not prejudiced

12

by counsel's failure to file an appeal because Petitioner had notice no appeal would be filed.

Further, counsel was not deficient in advising Petitioner there was no basis for an appeal. Counsel correctly advised the drug amount used to determine his Guideline range was immaterial since Petitioner was subject to a mandatory life sentence. Since the Court granted the Government's motion to depart and exercised its discretion in selecting a sentence based upon Petitioner's substantial assistance, the Sixth Circuit had no jurisdiction to review the extent of a discretionary departure decision. *See United States v. Gregory*, 932 F.2d 1167, 1169 (6th Cir. 1991) (decision whether to depart and how much to depart is committed entirely to district court's discretion).

As a result, Petitioner submits no legitimate and material factual issue which could have been raised on appeal with respect to his convictions or his sentence. For the reasons stated above, Petitioner's claims are completely without merit. Therefore, Petitioner's counsel was not deficient in failing to file a direct appeal, nor was Petitioner prejudiced by the omission. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues which may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a §

13

2255 motion.[4] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

---

[4]The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

15

Case 1:04-cv-00329   Document 6   Filed 05/23/06   Page 15 of 15   PageID #: 29